UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | : | |
|---|---|---|
| PIPE FITTERS LOCAL 120, | : | CASE NO. 21-cv-00253 |
| | : | |
| Plaintiff, | : | OPINION & ORDER |
| | : | [Resolving Docs. 9, 18] |
| v. | : | |
| | : | |
| QWEST MECHANICAL | : | |
| CONTRACTORS, et al. | : | |
| | : | |
| Defendant. | : | |

JAMES S. GWIN, UNITED STATES DISTRICT COURT JUDGE:

With this decision, this Court decides whether an employer states plausible counterclaims against a union suing for breach of a collective bargaining agreement.

In this case, Pipe Fitters Local Union No. 120 ("Local 120") alleges that Defendants breached a collective bargaining agreement by using non-bargaining unit members to perform bargaining unit work.[1]  Plaintiff Local 120 argues that it obtained an award after a grievance hearing.  In this action, Plaintiff asks this Court to enforce the award.  Plaintiff sues Defendants Qwest Mechanical Contractors, Inc. and Qwest Mechanical Corp. ("Qwest Mechanical Defendants"), alleging that they are joint employers and/or alter egos.[2]

Qwest Mechanical Defendants deny that the collective bargaining agreement applied at the time of the grievance hearing.[3]  Defendant Qwest Mechanical Contractors admits that it earlier had a collective bargaining relationship with Plaintiff Local 120 but argues that it lawfully withdrew from that relationship.[4]

---

[1] Doc. 1 at ¶¶ 21, 33.
[2] *Id.* at ¶¶ 7-14, 39.
[3] Doc. 13 at ¶ 1.
[4] *Id.* at ¶ 1.

Case No. 21-cv-00253
GWIN, J.

Defendant Qwest Mechanical Contractors brought two counterclaims against Plaintiff Local 120.[5]  Plaintiff Local 120 now moves to dismiss both counterclaims, saying they fail to state a claim.[6]  Count One seeks a declaratory judgment that Defendant lawfully withdrew from the collective bargaining relationship and lawfully ended its affiliation with a non-party entity.  Count Two alleges that Plaintiff Local 120 breached the collective bargaining agreement.

To decide this motion to dismiss, the Court considers whether it has jurisdiction to decide whether Defendant could unilaterally withdraw from the collective bargaining relationship.  Specifically, the Court must decide whether this claim is primarily representational, reserving it to the National Labor Relations Board's exclusive jurisdiction.

For the foregoing reasons, the Court **GRANTS** Plaintiff Local 120's motion to dismiss.

## I.      Background

Plaintiff Local 120 sued Qwest Mechanical Defendants for breaching a collective bargaining agreement.[7]  Local 120 entered into the agreement with a predecessor employer.[8]  Defendant Qwest Mechanical Contractors later signed a memorandum of understanding with Local 120 extending the predecessor agreement.[9]

In this case, the parties dispute whether the collective bargaining agreement continues to control Qwest Mechanical Defendants' relationship with Plaintiff Local 120.  In considering Plaintiff Local 120's motion to dismiss Qwest Defendants' counterclaims, the Court assumes the truth of Qwest Mechanical Defendants' allegations.[10]

---

[5] *Id.* at 14-17.
[6] Doc. 9; Doc. 18.
[7] Doc. 1.
[8] Doc. 1-1 (Predecessor Agreement).
[9] Doc. 1-2 (Memorandum of Agreement).
[10] *See Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir. 1998).

Case No. 21-cv-00253
GWIN, J.

Before this lawsuit, Local 120 submitted a grievance under the collective bargaining agreement grievance procedure.[11] A Joint Conference Committee, comprised of employer and union representatives, conducted a grievance hearing. Plaintiff Local 120 claims that the Joint Committee issued an award in Local 120's favor.[12] Defendant Qwest Mechanical Contractors responds that the Joint Committee lacked a quorum and that the committee improperly blocked Defendant from appearing with counsel.[13]

After the Joint Conference Committee hearing, Local 120 brought this federal court lawsuit to enforce the award.[14] Local 120 alleged that Qwest Mechanical Defendants violated the collective bargaining agreement. Plaintiff Local 120 says this Court has jurisdiction to enforce the collective bargaining agreement under Labor Management Relations Act Section 301, 29 U.S.C. § 185.

Answering the complaint, Qwest Defendants deny that the collective bargaining agreement bound them at the time of the Joint Conference Committee grievance hearing.[15] One Defendant, Quest Mechanical Contractors, Inc., admitted that it entered a memorandum of understanding with Local 120 binding it to the predecessor collective bargaining agreement.[16] Quest Mechanical Contractors, Inc. denied that it was bound, however, to the currently operating version of that collective bargaining agreement.[17] The other Defendant, Quest Mechanical Corp., denied that that it was bound by either agreement.[18]

---

[11] Doc. 1 at ¶¶ 24-30; Doc. 13 at ¶¶ 25-26; Doc. 1-1 at Art. XIV (Predecessor Agreement); Doc. 1-3 at Art. XIV (Current Agreement).
[12] Doc. 1 at ¶¶ 30-32; Doc. 1-5.
[13] Doc. 13 at 16, ¶¶ 25-26.
[14] Doc. 1.
[15] Doc. 13 at ¶ 1.
[16] *Id.* at ¶ 20.
[17] *Id.* at ¶¶ 21-22.
[18] *Id.* at ¶¶ 20-22.

Case No. 21-cv-00253
GWIN, J.

Defendant Qwest Mechanical Contractors brought two counterclaims against Local 120.  Now, Local 120 seeks dismissal of both counterclaims for failure to state a claim.[19]

In Count One of the counterclaims, Defendant Qwest Mechanical Contractors seeks a declaratory judgment.  Defendant asks the Court to declare that Defendant "legally and properly ended its former collective bargaining relationship" with Local 120 on February 13, 2020, the day before the Joint Committee Hearing.[20]  Defendant also seeks a declaration that it "legally and properly ended its authorization and affiliation" with the Mechanical Contractors' Association, the original party that signed the predecessor agreement.[21]

In support of the declaratory judgment claim, Qwest Mechanical Contractors argues that at the time the company withdrew its recognition of the union, the collective bargaining unit had only one employee.[22]  Defendant argues that unilaterally withdrawing recognition is proper under Sixth Circuit precedent.[23]

In Count Two, Defendant Qwest Mechanical Contractors alleges breach of contract. Defendant argues that Local 120 breached the collective bargaining agreement by refusing to allow Defendant's legal counsel to attend the February 2020 grievance hearing.[24]  As part of this breach claim, Defendant also argues that the Joint Conference Committee did not have a quorum for the hearing.[25]

## II.    Legal Standard

Plaintiff moves to dismiss for failure to state a claim upon which relief can be

---

[19] Doc. 9; Doc. 18
[20] Doc. 13 at 15, ¶ 19
[21] *Id.*
[22] *Id.* at 13, ¶ 12; Doc. 16 at 6-7.
[23] Doc. 16 at 6-7.
[24] Doc. 13 at 16, ¶ 25.
[25] *Id.* at 16, ¶ 26.

Case No. 21-cv-00253
GWIN, J.

granted.[26]  When ruling on a 12(b)(6) motion, the court considers the facts in the light most favorable to the non-moving party—here, Defendant Qwest Mechanical Contractors.[27]  To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[28]  Defendant's alleged facts must plausibly support the legal claim.

## III.   Discussion

### A.   Count One: Declaratory Judgment

Defendant Qwest Mechanical Contractors seeks a declaratory judgment that it lawfully withdrew recognition from Local 120.[29]  Granting the requested relief is beyond this Court's jurisdiction.

"There is a strong policy in favor of using the procedures vested in the [National Labor Relations] Board for representational determinations in order to promote industrial peace."[30]  In the Sixth Circuit, a dispute falls within exclusive National Labor Relations Board jurisdiction if it is "primarily representational."[31]  Primarily representational claims are subject to *Garmon* preemption, a doctrine reserving National Labor Relations Act § 7 and § 8 claims "to the exclusive competence" of the National Labor Relations Board.[32]

Federal courts may decide "matters primarily of contract interpretation" that "potentially implicate representational issues."[33]  Courts may not, however, make "end runs

---

[26] Fed. R. Civ. Pro. 12(b)(6).
[27] *Republic Bank & Tr. Co. v. Bear Stearns & Co.*, 683 F.3d 239, 246 (6th Cir. 2012).
[28] *Id.* at 247 (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).
[29] Doc. 6 at 15, ¶ 19.
[30] *Int'l Broth. of Boilermakers, Iron Ship Builders, Blacksmiths, Forgers & Helpers, AFL-CIO v. Olympic Plating Industries, Inc.*, 870 F.2d 1085,1089 (6th Cir. 1989) (quoting *Amalgamated Clothing & Textile Workers Union, AFL-CIO v. Facetglas, Inc.*, 845 F.2d 1250, 1252 (4th Cir.1988)).
[31] *Int'l Broth. of Elec. Workers, Loc. 71 v. Trafftech, Inc.*, 461 F.3d 690, 695 (6th Cir. 2006).
[32] *San Diego Bldg. Trades Council, Millmen's Union, Loc. 2020 v. Garmon*, 359 U.S. 236, 245 (1959).; *Trafftech*, 461 F.3d at 693.
[33] *Trafftech*, 461 F.3d at 695 (quoting *Paper Workers Int'l Union v. Air Prods. & Chems., Inc.*, 300 F.3d 667, 672 (6th Cir.2002)) (alteration marks omitted).

- 5 -

Case No. 21-cv-00253
GWIN, J.

around Section 9 of the National Labor Relations Act under the guise of contract interpretation."[34]

Here, Defendant asks the Court to declare that it lawfully ended its collective bargaining relationship with Local 120. This requested relief ventures far beyond the Court's Section 301 contract interpretation role. Defendant does not anchor its claim in any provision of the collective bargaining agreement. Defendant's claim only concerns § 7 and § 8 of the National Labor Relations Act. While the Court may decide collateral representational issues while interpreting a collective bargaining agreement, Defendant's requested relief concerns primarily representational issues.

The Sixth Circuit decision in *Baker Concrete Construction, Inc. v. Reinforced Concrete Contractors Association,* 820 F.3d 827 (6th Cir. 2016), does not apply to this case. *Baker Concrete* concerned pre-hire agreements under § 8(f) of the National Labor Relations Act. In that case, the Sixth Circuit held that employers may unilaterally repudiate their § 8(f) agreement obligations "if an employer employs one or fewer unit employees on a permanent basis."[35]

The Sixth Circuit *Baker Concrete* decision explicitly reasoned based on the special nature of § 8(f) pre-hire agreements. Rightly so. As the Sixth Circuit explained, § 8(f) agreements "by their very nature, are tentative and anticipatory."[36] § 8(f) "was enacted to address a very narrow and specific problem": the need for construction industry contractors

---

[34] *United Steel, Paper and Forestry, Rubber, Mfg., Energy, Allied Indus. and Serv. Workers Intern. Union, AFL-CIO, CLC v. Kentucky W. Virginia Gas Co., LLC,* 795 F. Supp. 2d 596, 603 (E.D. Ky. 2011) (quoting *Pace v. Honolulu Disposal Serv., Inc.,* 227 F.3d 1150, 1157 (9th Cir. 2000)).
[35] *Baker Concrete Const., Inc. v. Reinforced Concrete Contractors Ass'n,* 820 F.3d 827, 830 (6th Cir. 2016) (quoting *Stack Elec.,* 290 NLRB 575, 577 (1988)).
[36] *Id.* at 832.

Case No. 21-cv-00253
GWIN, J.

to create conditional pre-hire agreements.[37]  The Sixth Circuit characterized the single-employee rule it applied in *Baker Concrete* as "a narrow rule" applying only to § 8(f) agreements.[38]

This case concerns a § 9(a) agreement, not a tentative and conditional § 8(f) agreement.  The collective bargaining agreement states that Local 120 requested and demonstrated majority status, and that the employer "recognizes the Union as the sole and exclusive bargaining representative, pursuant to Section 9A of the National Labor Relations Act."[39]  This language "conclusively notifies the parties that a 9(a) relationship is intended."[40]

Because this case concerns a § 9(a) collective bargaining relationship, the Sixth Circuit's *Baker Concrete* § 8(f) rule does not apply.  *Baker Concrete* does not support Defendant's requested declaratory judgment.

While Defendant's declaratory judgment claim is beyond this Court's jurisdiction, Defendant is free to raise its contract validity arguments as defenses against Plaintiff's claims. The Supreme Court has explained that "if, in the course of deciding whether a plaintiff is entitled to relief for the defendant's alleged violation of a contract, the defendant interposes the affirmative defense that the contract was invalid, the court may, consistent with § 301(a), adjudicate that defense."[41]  A party can also seek a declaratory judgment that an agreement is invalid.[42]  This authority does not extend far enough, however, for the Court to declare

---

[37] *Id.*
[38] *Id.* at 830.
[39] Doc. 1-1 at Art. II, § 1 (Predecessor Agreement); Doc. 1-3 at Art. II, § 1 (Current Agreement).
[40] *Madison Industries*, 349 NLRB 1306, 1308 (2007) (quotation marks and citations omitted); *see also Staunton Fuel & Material*, 335 NLRB 717, 717, 719-20 (2001) ("We hold that a written agreement will establish a 9(a) relationship if its language unequivocally indicates that the union requested recognition as majority representative, the employer recognized the union as majority representative, and the employer's recognition was based on the union's having shown, or having offered to show, an evidentiary basis of its majority support.").
[41] *Textron Lycoming Reciprocating Engine Div., Avco Corp. v. United Automobile, Aerospace, Agric. Implement Workers of Am., Intern. Union*, 523 U.S. 653, 658 (1998).
[42] *Id.*

Case No. 21-cv-00253
GWIN, J.

that Defendant's unilateral withdrawal from the collective bargaining relationship was lawful.

### B.   Count Two: Breach of Contract

In Count Two, Defendant Qwest Mechanical Contractors alleges breach of contract. In support of this claim, Defendant argues that Plaintiff Local 120 breached the collective bargaining agreement by not allowing Defendant's legal counsel to appear at the grievance hearing.[43]  Defendant also alleges that the Joint Conference Committee lacked a quorum to decide the grievance.[44]

The alleged facts do not state a plausible claim for relief.  Defendant alleges that it withdrew from the collective agreement on February 13, 2020.[45]  The grievance hearing occurred a day later, on February 14, 2020.[46]  Defendant does not present its breach claim as an alternative to its contract withdrawal claim, but instead "restates and reavers" the allegation that it had lawfully withdrawn from the contract prior to the hearing.[47]

Defendant can raise its allegations of deficient grievance procedures as defenses to Plaintiff's claim for enforcement of the Joint Conference Committee award.  The allegations do not, however, state a claim for breach of contract.

### IV.   Conclusion

For the reasons stated above, the Court **GRANTS** Plaintiff Local 120's motion to dismiss Defendant Qwest Mechanical Contractors' counterclaims.

---

[43] Doc. 13 at 16, ¶ 25.
[44] *Id.* at 16, ¶ 26.
[45] *Id.* at ¶ 1.
[46] *Id.* at 15, ¶ 22.
[47] *Id.* at 15, ¶ 20.

Case No. 21-cv-00253
GWIN, J.

IT IS SO ORDERED.


Dated: November 10, 2021                          _s/_____James S. Gwin_____
                                                  JAMES S. GWIN
                                                  UNITED STATES DISTRICT JUDGE