UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| | : | |
| PIPE FITTERS LOCAL 120, | : | CASE NO. 21-cv-00253 |
| | : | |
| Plaintiff, | : | OPINION & ORDER |
| | : | [Resolving Docs. 32, 33] |
| v. | : | |
| | : | |
| QWEST MECHANICAL | : | |
| CONTRACTORS, et al. | : | |
| | : | |
| Defendant. | : | |
| | : | |

JAMES S. GWIN, UNITED STATES DISTRICT COURT JUDGE:

In this case, Pipe Fitters Local Union No. 120 ("Local 120") seeks to confirm a joint committee grievance procedure award.[1]  In that award under a collective bargaining agreement covering construction-area contractors, a joint contractors-labor union committee found Defendant had violated the collective bargaining agreement by using non-bargaining unit members to perform bargaining unit work.[2]

Defendants answer that the Union makes claim for work done by Qwest Mechanical Corp. workers.  Defendants acknowledge that Qwest Mechanical Contractors, Inc. signed the collective bargaining agreement and is bound by its terms but also say that Qwest Mechanical Corp. is separate from Qwest Mechanical Contractors, Inc. and never agreed to be bound by the collective bargaining agreement.

Plaintiff responds that Defendants Qwest Mechanical Contractors, Inc. and Qwest Mechanical Corp. ("Qwest Mechanical Defendants"), are alter egos of each other.

---

[1] Doc. 1 at ¶¶ 24-39.
[2] Doc. 33-10; Doc. 33-12; Doc. 33-13; Doc. 33-27 (Wanner Declaration) at ¶¶ 4-14.

Case No. 21-cv-00253
GWIN, J.

Now, Plaintiff moves for summary judgment.[3]  Defendants move to dismiss for lack of subject matter jurisdiction, or, in the alternative, for summary judgment.[4]

The central issue the Court resolves is whether Defendants are alter egos.  To decide this question, the Court applies the Sixth Circuit balancing test, considering whether Defendants have "substantially identical management, business purpose, operation, equipment, customers, supervision and ownership."[5]  If the two Defendant corporations operate as alter egos, both are bound to the agreement that one corporation signed.

For the foregoing reasons, the Court **GRANTS** Plaintiff's summary judgment motion. The Court **DENIES** Defendants' motion to dismiss and summary judgment motion.

I.    Background

Plaintiff Local 120 sues Qwest Mechanical Defendants for breaching a collective bargaining agreement.[6]

The parties entered into a collective bargaining agreement through a memorandum of understanding.  In 2015, Nicole Mikolak signed a memorandum of agreement on behalf of "Qwest Mechanical."[7]  The memorandum of agreement bound "Qwest Mechanical" to a collective bargaining agreement negotiated by Local 120 and the Mechanical Contractors Association.[8]  "Qwest Mechanical" did not withdraw from that agreement, binding it to the current collective bargaining agreement.[9]

Defendants now argue that the signature on behalf of "Qwest Mechanical" only

---

[3] Doc. 33.
[4] Doc. 32
[5] *N.L.R.B. v. Fullerton Transfer & Storage Ltd., Inc.*, 910 F.2d 331, 336 (6th Cir. 1990).
[6] Doc. 1.
[7] Doc. 33-9 (Memorandum of Agreement).
[8] *Id.*; Doc. 33-7 (Predecessor Agreement).
[9] Doc. 33-7 (Predecessor Agreement) at Art. XIX; Doc. 33-8 (Current Agreement); Doc. 33-6 (Ols Declaration) at ¶¶ 10-11.

Case No. 21-cv-00253
GWIN, J.

bound Defendant Qwest Mechanical Contractors, Inc., not Defendant Qwest Mechanical Corp.[10]

Nicole Mikolak owns both Defendant corporations.[11]  Nicole and her husband Brian Mikolak created Qwest Mechanical Corp. in 1996.[12]  Nicole and Brian Mikolak created Qwest Mechanical Contractors, Inc. in 2011.[13]  Nicole Mikolak manages labor relations and performs clerical work for both corporations.[14]  Brian Mikolak is an employee of both companies.[15]  For some time, the two companies also shared a third employee, Brian Kizzen.[16]

The Defendant corporations have filed shared federal tax returns.[17]  The corporations share accounting and tax services.[18]

This lawsuit against Qwest Mechanical Defendants concerns a joint committee award.  Before this lawsuit, Local 120 submitted a grievance under the collective bargaining agreement grievance procedure.[19]  Local 120 claimed that Qwest Mechanical Defendants violated the collective bargaining agreement by performing covered work with non-bargaining unit members.[20]  A joint committee that included employer and union representatives conducted a grievance hearing.  The joint committee issued an award in

---

[10] Doc. 32 at 1.
[11] Doc. 33-51 (QMCI Discovery Responses) at 6; Doc. 33-52 (QMC Discovery Responses) at 6; Doc. 33-41 (Nicole Mikolak Tr.) at 8:5-8, 23:18-25.
[12] Doc. 33-41 (Nicole Mikolak Tr.) at 24:9-13.
[13] Id. at 8:21- 9:2.
[14] Doc. 33-51 (QMCI Discovery Responses) at 7, 10; Doc. 33-52 (QMC Discovery Responses) at 7, 10; Doc. 33-41 (Nicole Mikolak Tr.) at 10:8-13, 11:25-12:12, 25:13-21.
[15] Doc. 33-51 (QMCI Discovery Responses) at 18-19; Doc. 33-52 (QMC Discovery Responses) at 19; Doc. 33-33 (Brian Mikolak Tr.) at 8:20-23, 9:9-16, 23:14-19
[16] Doc. 33-41 (Nicole Mikolak Tr.) at 34:15-16, 44:8-20; Doc. 33-35.
[17] Doc. 33-51 (QMCI Discovery Responses) at 18; Doc. 33-52 (QMC Discovery Responses) at 18.
[18] Doc. 33-45 (sealed); Doc. 33-46 (sealed); Doc. 33-51 (QMCI Discovery Responses) at 10; Doc. 33-52 (QMC Discovery Responses) at 11-12.
[19] Doc. 33-6 (Ols Declaration) at ¶¶ 13-20; Doc. 33-10; Doc. 33-34 at Art. XIV (Predecessor Agreement); Doc. 33-8 at Art. XIV (Current Agreement).
[20] Doc. 33-10; Doc. 33-24 (Hinojosa Declaration) at ¶¶ 5-14.

- 3 -

Case No. 21-cv-00253
GWIN, J.

Local 120's favor.[21]

After the joint committee hearing, Plaintiff Local 120 brought this federal court lawsuit to confirm the joint committee award.[22]  Plaintiff seeks to confirm the joint committee award under Labor Management Relations Act Section 301, 29 U.S.C. § 185.

This Court previously granted Plaintiff Local 120's motion to dismiss Defendant Qwest Mechanical Contractors, Inc.'s counterclaims.[23]  The Court held that it did not have subject matter jurisdiction to grant Defendant's requested declaratory judgment declaring that Defendant lawfully withdrew from the collective bargaining agreement.  The Court also held that Defendant did not sufficiently plead a breach of contract.

Now, Plaintiff Local 120 moves for summary judgment.[24]  Plaintiff argues that, as alter egos, both Defendants are bound to the collective bargaining agreement and must follow the joint committee award.  Defendants move to dismiss the complaint or, in the alternative, for summary judgment.[25]  Defendants claim that the Court does not have jurisdiction to consider Plaintiff's claims.  The Defendant corporations also deny that they are alter egos.

## II.  Legal Standard

Courts grant summary judgment if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."[26]  A genuine issue of material fact exists where "a reasonable jury could

---

[21] Doc. 33-12; Doc. 33-13; Doc. 33-27 (Wanner Declaration) at ¶¶ 4-14.
[22] Doc. 1.
[23] Doc. 31.
[24] Doc. 33.
[25] Doc. 32.
[26] *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (citation omitted).

Case No. 21-cv-00253
GWIN, J.

return a verdict for the nonmoving party" based on the evidence.[27]

In reviewing a motion for summary judgment, the Court views all evidence in the light most favorable to the nonmoving party.[28]  The nonmoving party "must show sufficient evidence to create a genuine issue of material fact"[29] as to each of the claim's required elements.[30]  But summary judgment is still appropriate "[i]f the evidence is merely colorable . . . or is not significantly probative."[31]

### III.  Discussion

#### A.  Subject Matter Jurisdiction

Plaintiff Local 120 filed this lawsuit to confirm a joint committee award.  Plaintiff obtained the award under the collective bargaining agreement grievance procedures.[32]

This Court receives jurisdiction to confirm the joint committee award under Labor Management Relations Act Section 301, 29 U.S.C. § 185.  Section 301 gives federal courts jurisdiction over suits alleging breach of a collective bargaining agreement.[33]  Under this authority, a district court may grant enforcement of a joint committee award where the collective bargaining agreement makes the joint committee award final and binding.[34]

Where parties agreed to binding joint committee procedures in the collective bargaining agreement, the National Labor Relations Board, the U.S. Supreme Court, and the Sixth Circuit have applied the same standards to joint committee awards that courts generally

---

[27] *Peffer v. Stephens*, 880 F.3d 256, 262 (6th Cir. 2018) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).

[28] *Thomas v. Speedway SuperAmerica, LLC*, 506 F.3d 496, 500–01 (6th Cir. 2007) (citation omitted).

[29] *Id.* (citation omitted).

[30] *Id.* (noting that a scintilla of evidence is not enough to defeat a summary judgment motion).

[31] *Liberty Lobby, Inc.*, 477 U.S. at 249–50.

[32] Doc. 33-6 (Ols Declaration) at ¶¶ 13-20; Doc. 33-10; Doc. 33-7 at Art. XIV (Predecessor Agreement); Doc. 33-8 at Art. XIV (Current Agreement); Doc. 33-12; Doc. 33-13; Doc. 33-27 (Wanner Declaration) at ¶¶ 4-14.

[33] 29 U.S.C. § 185.

[34] *Gen. Drivers, Warehousemen and Helpers, Loc. Union No. 89 v. Riss & Co.*, 372 U.S. 517, 519 (1963).

Case No. 21-cv-00253
GWIN, J.

apply to arbitration awards.[35]

In this case, under the collective bargaining agreement, the parties agreed to submit grievances to a joint committee composed of employer and union representatives.[36] Management and Local 120 appoint equal number of joint committee members.

The grievance procedure allowed later arbitration of "unresolved disputes" "[i]f the Committee is unable to resolve the dispute."[37] Here, the Joint Committee resolved the dispute by granting an award in favor of Plaintiff Local 120. This award is binding under the collective bargaining agreement. The Court therefore has Section 301 jurisdiction to enforce the award.

Unlike the counterclaims this Court previously dismissed, ruling on Plaintiff's claim would not alter the bargaining relationship between the parties. Instead, Plaintiff seeks to enforce an award obtained through the parties' agreed-on private dispute settlement procedures.

Defendant argues that the court does not have jurisdiction because the joint committee award is inconsistent with Defendants' agreement with another union.[38] Defendants did not raise this challenge to the Joint Committee.[39] Defendants also did not raise this defense within the three-month statute of limitations for challenging arbitration awards.[40] Defendants waived this challenge under Sixth Circuit law by failing to appear at

---

[35] *Denver–Chicago Trucking Co.*, 132 NLRB 1416, 1421 (1961); *Riss*, 372 U.S. at 519; *Loc. 1982, Intern. Longshoremen's Ass'n v. Midwest Terminals of Toledo, Intern., Inc.*, 560 F. Appx. 529, 538 (6th Cir. 2014) (unpublished).

[36] Doc. 33-7 at Art. XIV (Predecessor Agreement); Doc. 33-8 at Art. XIV (Current Agreement).

[37] Doc. 33-7 at Art. XIV, § 3 (Predecessor Agreement); Doc. 33-8 at Art. XIV, § 3 (Current Agreement).

[38] Doc. 32 at 9-10.

[39] Doc. 33-12; Doc. 33-27 (Wanner Declaration) at ¶¶ 8-12.

[40] *Ohio Rev. Code § 2711.13*; *see also Michigan Glass and Glazing Indus. Defined Contribution Pension Plan v. CAM Glass, Inc.*, 06-12917, 2008 WL 506350, at *6 (E.D. Mich. Feb. 22, 2008) ("Decisions which derive from employer-union grievance panels are subject to the same statute of limitations for actions to vacate an arbitration award—three months.").

Case No. 21-cv-00253
GWIN, J.

the joint committee grievance hearing.[41]

### B. Defendants' Alter Ego Status

#### a. Alter Ego Legal Standard

"The alter ego doctrine is an equitable doctrine 'developed to prevent employers from evading obligations under the [National Labor Relations] Act merely by changing or altering their corporate form.'"[42] When two corporations are alter egos, both are bound to union agreements even if only one of the corporations signed the agreement.[43]

To decide whether corporations are alter egos, the Sixth Circuit applies a balancing test. Under this test, courts consider "whether the two enterprises have substantially identical management, business purpose, operation, equipment, customers, supervision and ownership."[44] Courts also consider whether an employer had intent to evade the collective bargaining agreement, though this factor is not dispositive.[45] Courts apply the alter ego test flexibly, with no single factor predominating over others.[46]

Alter egos arise in two factual scenarios: (1) disguised continuance, where a union employer closes and reopens as a non-union employer; and (2) a "double-breasted operation," where "two or more coexisting employers performing the same work are in fact one business, separated only in form."[47]

This case involves a double-breasted analysis. The Sixth Circuit has recognized alter

---

[41] Doc. 33-12; Doc. 33-27 (Wanner Declaration) at ¶¶ 8-12.; *Loc. 1982, Intern. Longshoremen's Ass'n v. Midwest Terminals of Toledo, Intern., Inc.*, 560 F. App'x 529, 540 (6th Cir. 2014) (unpublished); *Teamsters Freight Employees Loc. Union No. 480 v. Bowling Green Exp., Inc.*, 707 F.2d 254, 258 (6th Cir. 1983).
[42] *Trustees of Detroit Carpenters Fringe Benefit Funds v. Indus. Contracting, LLC*, 581 F.3d 313, 317-18 (6th Cir. 2009) (quoting *N.L.R.B. v. Allcoast Transfer, Inc.*, 780 F.2d 576, 579 (6th Cir. 1986)).
[43] *Id.* at 318.
[44] *Fullerton Transfer*, 910 F.2d at 336.
[45] *Allcoast Transfer*, 780 F.2d at 581; *Industrial Contracting*, 581 F.3d at 319.
[46] *Wilson v. Int'l Bhd. of Teamsters*, 83 F.3d 747, 759 (6th Cir. 1996).
[47] *Fullerton Transfer*, 910 F.2d at 336.

Case No. 21-cv-00253
GWIN, J.

ego employers in the "reverse double-breasting" context at issue here, where "a non-union company opens a sister company that becomes a union signatory."[48]

### b. Factors in Favor of Alter Ego Status

After balancing the Sixth Circuit factors—"substantially identical management, business purpose, operation, equipment, customers, supervision and ownership"—the Court finds that Defendant Qwest Mechanical Contractors, Inc. and Defendant Qwest Mechanical Corp. are alter egos under the Sixth Circuit standard.  The corporations have substantially identical management, business purpose, operations, supervision, and ownership.

The Defendant corporations have shared ownership, management, and supervision. Nicole Mikolak owns both companies.[49]  Nicole is an officer of both corporations.[50]  Nicole oversees labor relations for both companies.[51] Her husband Brian Mikolak also helped establish both companies and claims a leadership role at both.[52]

Defendants also share a business purpose.  With the business purpose factor, courts consider "overlap in the type of work performed."[53]  Both Defendant corporations worked in construction and construction maintenance.[54] This common business purpose supports an alter ego finding.

Defendants have overlapping operations.  Most importantly, the Defendant

---

[48] *Industrial Contracting*, 581 F.3d at 318.

[49] Doc. 33-51 (QMCI Discovery Responses) at 6; Doc. 33-52 (QMC Discovery Responses) at 6; Doc. 33-41 (Nicole Mikolak Tr.) at 8:5-8, 23:18-25.

[50] Doc. 33-51 (QMCI Discovery Responses) at 5; Doc. 33-52 (QMC Discovery Responses) at 5;

[51] Doc. 33-51 (QMCI Discovery Responses) at 7; Doc. 33-52 (QMC Discovery Responses) at 7; Doc. 33-41 (Nicole Mikolak Tr.) at. 10:8-13, 25:13-21.

[52] Doc. 33-33 (Brian Mikolak Tr.) at 8:20-23, 9:9-16, 23:11-19; Doc. 33-41 (Nicole Mikolak Tr.) at 8:21- 9:2; 24:9-13.

[53] *Trustees of Operating Engineers Loc. 324 Pension Fund v. Bourdow Contracting, Inc.*, 919 F.3d 368, 377 (6th Cir. 2019) (quotation marks omitted).

[54] Doc. 33-51 (QMCI Discovery Responses) at 9; Doc. 33-52 (QMC Discovery Responses) at 10; Doc. 33-33 (Brian Mikolak Tr.) at 25:23-26:18.

Case No. 21-cv-00253
GWIN, J.

corporations have filed shared federal tax returns.[55] The Defendants also share contractor licenses.[56] Defendants have offices in the same building and sometimes use the same mailing address.[57] Defendants share accounting and estimating services, use the same individual for bookkeeping services, and use the same tax preparation service.[58] The same employee accepts service of process on behalf of both companies.[59] Finally, the Defendant corporations share three employees.[60]

While company names are not a factor in the alter ego test, some courts consider company names as part of the alter ego inquiry.[61] Here, Nicole Mikolak signed the memorandum of understanding as "Qwest Mechanical."[62] That name could apply to either Defendant Qwest Mechanical Contractors, Inc. or Defendant Qwest Mechanical Corp. These similar names supply added support for the Court's alter ego finding.

### c. Factors Against Alter Ego Status

Several factors cut against alter ego status. The record does not show shared equipment or customers.[63] In addition, the record does not suggest that Defendants formed the two corporations with intent to evade a collective bargaining agreement.

When balanced, however, the factors favoring alter ego status outweigh the factors against it.[64]

---

[55] Doc. 33-51 (QMCI Discovery Responses) at 18; Doc. 33-52 (QMC Discovery Responses) at 18.
[56] Doc. 33-51 (QMCI Discovery Responses) at 17.
[57] Doc. 33-41 (Nicole Mikolak Tr.) at 15:7-10, 27:5-21; Doc. 33-45 (sealed); Doc. 33-46 (sealed).
[58] Doc. 33-51 (QMCI Discovery Responses) at 10; Doc. 33-52 (QMC Discovery Responses) at 11-12.
[59] Doc. 33-41 (Nicole Mikolak Tr.) at 60:20-63:14; Doc. 33-49; Doc. 33-50.
[60] Doc. 33-51 (QMCI Discovery Responses) at 18-19; Doc. 33-52 (QMC Discovery Responses) at 19; Doc. 33-33 (Brian Mikolak Tr.) at 71:24-72:18.
[61] *See, e.g., Bd. of Trustees of Plumbers v. R. and T. Schneider Plumbing Co.,* 1:13-CV-858, 2015 WL 4191297, at *19 (S.D. Ohio July 10, 2015).
[62] Doc. 33-9 (Memorandum of Agreement).
[63] Doc. 33-51 (QMCI Discovery Responses) at 8, 16; Doc. 33-52 (QMC Discovery Responses) at 8, 13.
[64] *See Wilson,* 83 F.3d at 759 (affirming alter ego finding where corporations had shared headquarters and employees, shared labor relations supervision, and a shared supervisor); *see also Michigan Glass and Glazing Indus. Defined Contribution Pension Plan v. CAM Glass, Inc.,* 06-12917, 2008 WL 506350, at *10 (E.D. Mich. Feb. 22, 2008)

Case No. 21-cv-00253
GWIN, J.

### d.  Alter Ego Finding

The Court holds that Defendant Qwest Mechanical Contractors, Inc. and Defendant Qwest Mechanical Corp. are alter egos.  The corporations have a shared owner, overlapping management and supervision, and two shared employees.  The corporations also have overlapping operations, with shared federal tax filings, shared accounting and tax preparation services, and shared service of process.  The Defendant corporations also have offices in the same building and sometimes share a mailing address.  Taken together, these factors show that the Defendants are alter egos.

Because the two corporations are alter egos, the "Qwest Mechanical" signature binds both corporations to the collective bargaining agreement with Local 120.  Both Defendants must satisfy the joint committee award.

### C.  Defendants' Objections to the Joint Committee Award

When considering the validity of a joint committee award, district courts apply "one of the narrowest standards of judicial review in all of American jurisprudence."[65]  This standard represents longstanding federal policy favoring "private settlement of disputes" under collective bargaining agreements.[66]

Under this narrow standard of review, courts consider whether the process was legitimate, whether the collective bargaining agreement commits grievances to the joint committee procedure, and whether fraud, a conflict of interest or dishonesty makes the joint

---

(holding that corporations were alter egos where corporations had shared owner, shared officer, three shared employees, but separate bank accounts).

[65] *Loc. 1982, Intern. Longshoremen's Ass'n v. Midwest Terminals of Toledo, Intern., Inc.*, 560 F. App'x 529, 540 (6th Cir. 2014) (unpublished).

[66] *Int'l Union, United Auto., Aerospace and Agr. Implement Workers of Am. (UAW), AFL-CIO v.* Hoosier Cardinal Corp., 383 U.S. 696, 702 (1966).

Case No. 21-cv-00253
GWIN, J.

committee award unenforceable.[67]

Defendants argue that the joint committee award is invalid because Defendant Qwest Mechanical Corp. did not have notice of the grievance.[68]  The Court finds that both Defendants had sufficient notice because Brian Mizolak, an employee of both companies, received official notice.[69]  The intertwined nature of the two corporations also undermines Defendants' notice argument.  Finally, Nicole Mizolak, owner of both Defendant corporations, received the joint committee award letter.[70]  This letter gave her sufficient notice to challenge the award within the three-month statute of limitations.

Further undermining Defendants' objections, Defendant Qwest Mechanical Contractors, Inc. did not participate in the joint committee hearing.[71]  The Sixth Circuit has held that an employer who does not participate in a joint committee grievance proceeding waives the right to challenge the outcome.[72]  "To allow a party to avoid the effect of a grievance proceeding by merely refusing to participate would destroy any incentive to peacefully negotiate labor disputes."[73]

## IV.    Conclusion

For the reasons stated above, the Court **GRANTS** summary judgment in favor of Plaintiff and **DENIES** Defendants' summary judgment motion.

The Court **ORDERS** Defendants' compliance with the joint committee award.  The Court retains jurisdiction until Defendants comply with the award.  The Court retains

---

[67] *Michigan Fam. Resources, Inc. v. Serv. Employees Intern. Union Loc. 517M,* 475 F.3d 746, 752, 754 (6th Cir. 2007).

[68] Doc. 36 at 8.

[69] Doc. 33-10.

[70] Doc. 33-12.

[71] *Id.*; Doc. 33-27 (Wanner Declaration) at ¶¶ 8-12.

[72] *Midwest Terminals,* 560 F. Appx. at 540; *Bowling Green,* 707 F.2d at 258.

[73] *Bowling Green,* 706 F.2d at 258.

Case No. 21-cv-00253
GWIN, J.

jurisdiction to consider any motion for an attorney fee award.

IT IS SO ORDERED.

Dated: December 22, 2021                    s/      *James S. Gwin*
                                            JAMES S. GWIN
                                            UNITED STATES DISTRICT JUDGE