UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

|  |  |  |
|---|---|---|
| PIPE FITTERS LOCAL 120, | : | CASE NO. 21-cv-00253 |
|  | : |  |
| Plaintiff, | : | OPINION & ORDER |
|  | : | [Resolving Docs. 45, 46] |
| v. | : |  |
|  | : |  |
| QWEST MECHANICAL | : |  |
| CONTRACTORS, et al. | : |  |
|  | : |  |
| Defendant. | : |  |

JAMES S. GWIN, UNITED STATES DISTRICT COURT JUDGE:

In this case, Plaintiff Pipe Fitters Local Union No. 120 ("Local 120") seeks to confirm a joint committee grievance procedure award.[1]

In December 2021, this Court ruled in favor of Plaintiff on summary judgment.[2]  The Court ordered Defendants to comply with the joint committee award.[3]

Now, Plaintiff Local 120 moves for attorneys' fees.  Plaintiff argues that Defendants engaged in bad faith, justifying a fees award.[4]  Plaintiff also moves the Court to find Defendants in contempt for failing to pay back contributions and other payments.[5]

For the reasons described below, the Court **DENIES** Plaintiff's motion for attorneys' fees and **DENIES** Plaintiff's motion for contempt.

I.      Background

Before beginning this lawsuit, Plaintiff Local 120 submitted a grievance under the

---

[1] Doc. 1 at ¶¶ 24-39.
[2] Doc. 42.
[3] *Id.* at 11.
[4] Doc. 45.
[5] Doc. 46.

Case No.
GWIN, J.

collective bargaining agreement grievance procedure.[6] Local 120 claimed that Qwest Mechanical Defendants violated the collective bargaining agreement by performing covered work with non-bargaining unit members.[7]

A joint committee that included employer and union representatives conducted a grievance hearing. The joint committee issued an award in Local 120's favor.[8] The award did not mention or quantify any back contributions or other payments that Defendants owed Plaintiff Local 120.[9]

After the joint committee issued the award, Plaintiff Local 120 brought this federal court lawsuit to confirm the joint committee award.[10]

This Court granted Plaintiff Local 120's motion to dismiss Defendant Qwest Mechanical Contractors, Inc.'s counterclaims.[11]

In December 2021, this Court ruled in favor of Plaintiff Local 120 on summary judgment.[12] The Court ordered Defendants to comply with the joint committee award.[13]

Plaintiff Local 120 did not seek money damages in this lawsuit.[14] As a result, the Court's summary judgment decision did not award a money judgment.[15]

In January 2022, Defendants appealed this Court's motion to dismiss and summary judgment rulings to the Sixth Circuit.[16] The appeal is currently pending.

---

[6] Doc. 33-6 at ¶¶ 13-20; Doc. 33-10; Doc. 33-34 at Art. XIV (Predecessor Agreement); Doc. 33-8 at Art. XIV (Current Agreement).
[7] Doc. 33-10; Doc. 33-24 at ¶¶ 5-14.
[8] Doc. 33-12; Doc. 33-13; Doc. 33-27 at ¶¶ 4-14.
[9] Doc. 33-12; Doc. 33-13.
[10] Doc. 1.
[11] Doc. 31.
[12] Doc. 42.
[13] Id. at 11.
[14] Doc. 1 at 7-8.
[15] Doc. 42 at 11-12.
[16] Doc. 43.

Case No.
GWIN, J.

## II.    Discussion

### A.  Motion for Attorneys' Fees

Under the American Rule, each party is responsible for its own legal expenses.[17] Some statutes depart from the American Rule by awarding attorneys' fees to a prevailing party.  In this case, however, no attorney fee award statute applies.  The Labor Management Relations Act does not authorize attorneys' fees as an element of damages.[18]

With no available statutory attorneys' fees, this Court can only award attorneys' fees if one of the traditional exceptions to the American Rule applies.[19]

Here, Plaintiff argues that the bad faith exception to the American Rule justifies a fees award.

To award attorneys' fees under the bad faith exception, "a district court must find that the claims advanced were meritless, that counsel knew or should have known this, and that the motive for filing the suit was for an improper purpose such as harassment."[20]  The Sixth Circuit does not permit an attorneys' fees award "based only on bad faith in the conduct giving rise to the underlying claim."[21]

In this case, Plaintiff does not show that Defendants acted in bad faith during the litigation.

Defendants made a plausible argument in defense of their claim that Defendants were not bound by the collective bargaining agreement.  At the motion to dismiss stage, Defendants argued that Defendant Qwest Mechanical Contractors, Inc. lawfully withdrew

---

[17] _Summit Valley Indus. Inc. v. Loc. 112, United Bhd. of Carpenters and Joiners of Am._, 456 U.S. 717, 721 (1982).
[18] _Knollwood Cemetery Ass'n v. United Steelworkers of Am., AFL-CIO-CLC,_ 789 F.2d 367, 369 (6th Cir. 1986).
[19] _Summit Valley Industries,_ 456 U.S. at 721.
[20] _Big Yank Corp. v. Liberty Mut. Fire Ins. Co.,_ 125 F.3d 308, 313 (6th Cir. 1997) (quotation marks omitted).
[21] _Shimman v. Int'l Union of Operating Engineers, Loc. 18,_ 744 F.2d 1226, 1233 (6th Cir. 1984).

Case No.
GWIN, J.

from the collective bargaining agreement under the Sixth Circuit's decision in *Baker Concrete Construction, Inc. v. Reinforced Concrete Contractors Association*, 820 F.3d 827 (6th Cir. 2016).[22]

At the summary judgment stage, Defendants drew on record evidence and Sixth Circuit cases to argue that the two companies were not joint employers or alter egos.[23]

While Defendants did not persuade the Court at the motion to dismiss or summary judgment stages, Defendants advanced plausible arguments and drew on Sixth Circuit precedent. The Court does not find bad faith in Defendants' litigation conduct.

Plaintiff cites out-of-circuit cases where courts found that parties who fail to comply with an arbitration award act in bad faith, justifying attorneys' fees.[24] Those cases do not apply to this case for two reasons.

First, this case concerns failure to comply with a joint committee award, not failure to comply with an arbitration award. The collective bargaining agreement's grievance procedure requires arbitration only if the joint committee fails to resolve the dispute.[25]

Second, the out-of-circuit cases Plaintiff cites describe a standard that does not apply in the Sixth Circuit.

In the Sixth Circuit, failure to comply with an arbitration award, without more, does not qualify as bad faith. The Sixth Circuit has denied attorneys' fees in a labor dispute over an arbitration award where the employer "arguably had some authority for seeking independent judicial review of the arbitrator's decision," so "the suit was not brought entirely

---

[22] Doc. 16 at 6-7, 13-16.
[23] Doc. 32 at 10-13.
[24] Doc. 45-1 at 5.
[25] Doc. 33-34 at Art. XIV (Predecessor Agreement); Doc. 33-8 at Art. XIV (Current Agreement).

Case No.
GWIN, J.

in bad faith."[26] Similarly, the Sixth Circuit has reversed an attorney's fees award in favor of the union an arbitration award review case, holding that the employer did not challenge the arbitration award in bad faith.[27]

District court cases within the Sixth Circuit confirm that no special bad faith standard applies in arbitration award review cases.[28]

Plaintiff does not show that Defendants acted in bad faith. Without that showing, the American Rule applies and both sides pay their own legal expenses. The Court denies Plaintiff's motion for attorneys' fees.

### B. Motion for Contempt

Plaintiff Local 120 also moves the Court to order Defendants' principal officers to appear before the Court to show cause why the officers should not be held in contempt. The Court denies the motion.

Plaintiff seeks a contempt finding because Defendants have not yet met Plaintiff's demand to pay "all delinquent contributions, interest, liquidated damages, dues, initiation fees, assessments, [and] wages," due for January 1, 2017 through January 31, 2022.[29] Plaintiff argues that the Court's December 2021 summary judgment decision requires Defendants to pay $6,996,297.67 to cover those back payments.[30]

The Court denies Plaintiff's contempt motion because Plaintiff does not show that Defendants have violated a court order.

---

[26] _Knollwood Cemetery_, 789 F.2d at 370.

[27] _Monroe Auto Equip. Co. v. UAW, Monroe Auto Equip. Co., Unit of Loc. 878_, 981 F.2d 261, 270 (6th Cir. 1992).

[28] _See, e.g._, _Churchill Downs Racetrack, LLC v. Laborers' Int'l Union of N.A., Loc. Union No. 576_, 3:19-CV-595-DJH-CHL, 2020 WL 6946574, at *5 (W.D. Ky. Nov. 25, 2020); _Zenith Logistics, Inc. v. Teamsters Loc. Union No. 100_, 1:11-CV-301, 2012 WL 292967, at *7 (S.D. Ohio Feb. 1, 2012); _Roll Coater, Inc. v. Teamsters Loc. Union No. 215_, 4:06-CV-84M, 2006 WL 8446504, at *6 (W.D. Ky. Nov. 21, 2006).

[29] Doc. 46-1 at 2.

[30] _Id._

- 5 -

Case No.
GWIN, J.

"A party that seeks civil contempt sanctions must demonstrate by clear and convincing evidence that the opposing party knowingly violated a definite and specific order of the court."[31]  "The burden of showing that an order is definite and specific is heavy."[32]  If the party moving for contempt meets that heavy burden, "the onus shifts to the opposing party to demonstrate that it was unable to comply with the court's order."[33]

"Contempt is a measure of last resort, not first resort."[34]

Here, Plaintiff does not meet the burden to show that Defendants are violating a definite and specific court order.

With the summary judgment decision, this Court ordered Defendants to comply with the joint committee award.[35]  The Court did not award any money damages, nor did Plaintiff seek money damages in this lawsuit.[36]  The joint committee award itself does not mention, let alone quantify, any back payments Defendants owe Plaintiff.[37]

Defendants likely do owe contributions, deductions, and other payments to Plaintiff Local 120.  The amount that Defendants owe, however, remains unresolved.  The parties should continue negotiations and, if necessary, follow the grievance procedure in the collective bargaining agreement.

This Court declines to hold Defendants in contempt at this time because the Court has not issued a definite or specific order awarding money damages to Plaintiff Local 120.

---

[31] *Gascho v. Glob. Fitness Holdings, LLC,* 875 F.3d 795, 800 (6th Cir. 2017) (quotation marks omitted).
[32] *Id.*
[33] *Id.*
[34] *Id.* at 799.
[35] Doc. 42 at 11.
[36] *Id.*; Doc. 1 at 7-8.
[37] Doc. 33-12; Doc. 33-13.

Case No.
GWIN, J.

### III.    Conclusion

For the reasons described above, the Court **DENIES** Plaintiff's motion for attorneys'

fees and **DENIES** Plaintiff's motion for contempt.


IT IS SO ORDERED.


Dated: May 16, 2022                               *s/      James S. Gwin*
                                                                   JAMES S. GWIN
                                                                   UNITED STATES DISTRICT JUDGE